**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CLARENCE WALLACE, | : | |
| | : | Civil Action No. 12-972(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES E. WARREN, et al. | : | |
| | : | |
| Respondents. | : | |

APPEARANCES:

Clarence Wallace, SBI# 196926B
New Jersey State Prison
Trenton, NJ
    Petitioner Pro Se

James F. Smith
Special Deputy Attorney General
4997 Unami Boulevard
P.O. Box 2002
Mays Landing, NJ 08330
    Counsel for Respondents

**HILLMAN**, District Judge:

    This matter is presently before the Court on a Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Clarence Wallace ("Petitioner") pursuant to 28 U.S.C. § 2254, challenging his 60-year sentence imposed by the State of New Jersey in 2000 for sexual assault and other related crimes.  For

the reasons stated below, the Court dismisses the Petition as untimely.

## I.   BACKGROUND

For the purpose of this opinion, the Court recites only relevant facts.  Petitioner was convicted, in a jury trial, on September 6, 2000, in the Superior Court of New Jersey for multiple counts of sexual assault and other related crimes. (Dkt. #1, ¶¶ 1-7.)  Petitioner was sentenced to 60 years imprisonment with a 27-year parole ineligibility.  Id., ¶ 3. Petitioner appealed the conviction to the Superior Court of New Jersey, Appellate Division, and the conviction was affirmed. Id., ¶ 9.  Petitioner then sought review by the Supreme Court of New Jersey, and certiorari was denied on September 25, 2002. Id.

In the Petition, Petitioner originally stated that he then filed for post-conviction relief ("PCR") on December 29, 2003. Id., ¶ 11.  However, in his reply papers, Petitioner now claims that "[o]n November 20, 2003, petitioner placed in prison official[']s hands for filing his state postconviction relief petition to be filed[,] which was received by the Postconviction Relief Unit of the Office of the Public Defender on December 1, 2003." (Dkt. #14, p. 6.)  Regardless of when the petition for PCR was filed, it was denied by the Superior Court of New Jersey on December 5, 2008, affirmed by the Appellate Division, and

certiorari was denied by the New Jersey Supreme Court on November 18, 2010.  (Dkt. #1, ¶¶ 11-12.)

On February 15, 2012, Petitioner filed the instant petition.  In addition to claiming that the Petition was timely filed, Petitioner also alleges that he was prevented by the State from filing the Petition earlier.  (Dkt. #1, ¶ 18.) Petitioner claims that:

> [t]he State of New Jersey forced me to take psychotropic drugs during my entire [time] since I have been confined in prison.  I have been in a drug induced "fog" during all of the time described above.  In addition, I was confined in administrative segregation for a substantial amount of time without any access to the law library or meaningful legal help.  Further, after I was released from administrative segregation, I was confined to the general population unit "3-EE" and only allowed as little as forty-five minutes in the law library per week; the most time in the law library I was allowed was one hour and forty-five minutes per week.

Id.  Importantly, aside from his assertions, Petitioner provides no evidence or documentation to substantiate his allegations.

II.  DISCUSSION

A. Statutory Tolling

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In most cases and in this particular case, the one-year period begins on

3

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), "including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." Gibbs v. Goodwin, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state PCR review is pending, the one-year limitation is tolled. This tolling does **not** include any petition for writ of certiorari in the United States Supreme Court for review of a PCR denial. Gibbs, 2009 WL 1307449, at *2.

Here, Petitioner's one-year limitation period began 90 days after the Supreme Court of New Jersey declined to review of his conviction, which was on December 24, 2002. According to the Petition, Petitioner did not file a state PCR petition until December 29, 2003, a few days after Petitioner's § 2244 one-year limitation has passed. As such, the PCR review would not have

4

resulted in any tolling of the one-year period, making the Petition untimely by more than eight years.

However, as noted, Petitioner claims in his reply brief that he actually filed the PCR review on November 20, 2003. Even if the Court considers that as the date on which a state PCR review was properly filed, at that time only 34 days remained on Petitioner's one-year limitation under § 2244. Petitioner concedes as much in his reply. (Dkt. #14, p 6.) Indeed, when the Supreme Court of New Jersey declined to review the PCR denial on November 18, 2010, tolling under § 2244(d)(2) ceased, and the period of limitation began to run again, which Petitioner also admits. Id. at p. 7. This means Petitioner had 34 days from November 18, 2010 to file his § 2254 petition, so a timely petition must have been filed by December 22, 2010. The Petition was not filed until February 15, 2012, well after that date.

> B. Equitable Tolling

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. Gibbs, 2009 WL 1307449 at *3; Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Gibbs,

5

2009 WL 1307449 at *3 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005)).  "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim."  Id. (internal citations omitted).

    Here, Petitioner raises no extraordinary circumstances deserving of equitable tolling.  Although Petitioner claims that the State prevented timely filing of his § 2254 petition through psychotropic drugs and confinement, Petitioner provided no details of any such incidents, other than his conclusory allegations; in fact, Petitioner does not identify any specific drugs that were given to him or any specific dates during which he was denied access to the law library.  Even though Petitioner claims that he was under the influence of drugs and had limited access to the law library the entire time he was incarcerated, he was sufficiently competent in filing (1) a direct appeal of his conviction, (2) a petition for review of his conviction with the Supreme Court of New Jersey, (3) a petition for PCR review with the Superior Court of New Jersey, (4) an appeal of the PCR denial, and (5) a petition for review of the PCR denial with the

6

Supreme Court of New Jersey.  "[M]ental incompetence is not a *per se* reason to toll a statute of limitations.  Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition."  Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001).  "[A] mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling."  U.S. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003).

In fact, Petitioner's own assertions belie his incapacity claims.  In the Petition, the Petitioner claims that he was under the impression that the deadline for filing his § 2254 petition was February 18, 2012.  (Dkt. #1, ¶ 18.)  The Petition was not actually filed until February 15, 2012, a mere three days before Petitioner's asserted due date, despite the fact that Petitioner's PCR petition was final when the Supreme Court of New Jersey declined review on November 18, 2010.  In other words, Petitioner waited for more than a year, with full knowledge that he has completely exhausted all state remedies, before finally filing the Petition.  This was not the action of someone who acted with due diligence but suffered, by some extraordinary circumstances beyond his control, mental and/or physical incapacities that prevented him from filing the Petition in a timely manner.  Rather, Petitioner was keenly

7

aware of the due date, albeit inaccurately, to file his § 2254 petition. The fact that Petitioner missed the actual deadline by some 420 days suggests that Petitioner simply made a mistake, not because he was prevented by some extraordinary circumstances from filing the Petition on time.[1]

Based on the fact that Petitioner was able to make numerous filings over the years, even if the Court takes his allegations as true, at best they show that Petitioner suffered some mental

---

[1] Petitioner also claims that he was told by an Assistant Deputy Public Defender that his § 2254 petition "is not due until one-year after the November 18, 2010 denial of my Petition for Certification in the New Jersey Supreme Court, plus the 90-day period in which I can seek Certiorari with the United States Supreme Court. In other words . . . my habeas Petition is not due until February 18, 2012." (Dkt. #1, ¶ 18.) However, to the extent Petitioner erred in his computation of the one-year filing period, that mistake does not warrant equitable tolling of the limitations period. Lewis v. Phelps, 672 F. Supp. 2d 669, 674 (D. Del. 2009); Ayers v. Phelps, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling"); Covert v. Tennis, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); Fahy, 240 F.3d at 244 ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

and/or physical burden, but that did not prevent him from filing a timely petition.  Indeed, even if Petitioner was under a strict time limit to access the law library, he had sufficient time to make multiple filings in state court.  Accordingly, equitable tolling is not warranted.


### III.  CONCLUSION

For the reasons set forth above, the Petition is dismissed as untimely.


At Camden, New Jersey                    s/ Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  January 7, 2015